Judge: Christopher M. Alston
Chapter: 13
Hearing Date: September 15, 2021
Hearing Time: 1:00 p.m.
Hearing Location: Telephonic
Response Date: September 8, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br>CHADWICK MCKINLEY FERGUSON and<br>APRIL DAWN FERGUSON,<br><br>Debtors. | IN CHAPTER 13 PROCEEDING<br>No. 20-13157-CMA<br><br>OBJECTION TO DEBTORS' MOTION TO ENTER INTO LOAN MODIFICATION WITH CARRINGTON MORTGAGE |

Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the debtors' Motion to Enter Into Loan Modification with Carrington Mortgage ("Motion") (ECF No. 125):

The debtors' Motion seeks to approve a loan modification agreement with Carrington Mortgage to capitalize their arrearage, increasing the principal balance to $195,955.42, extending the term of their mortgage to July 1, 2051, and decreasing their monthly mortgage payment to $1,132.85. While the Trustee has no substantive objection to the proposed loan modification, the Trustee objects to the debtors' motion as to the following issues:

1) Based on the Court's docket it does not appear that the debtors have served their motion upon all creditors. In any proceeding which is to be accorded finality, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co. et al.,* 339 U.S. 306, 314 (1950). The debtors need to re-file and re-note their motion for hearing, serve their motion on all creditors and provide twenty-one (21) days' notice of the scheduled hearing. In the alternative, if the debtors have already served all creditors with their motion, the debtors must file proof of that service with the Court. Local Bankr. R. 9013-1(c)(2), Federal Rule of Bankruptcy Procedure 2002(a).

OBJECTION TO DEBTORS' MOTION
TO ENTER INTO LOAN MODIFICATION
WITH CARRINGTON MORTGAGE - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 20-13157-CMA    Doc 134    Filed 09/08/21    Ent. 09/08/21 17:55:49    Pg. 1 of 2

2) While it is certainly the debtors' choice, they may want to seriously consider retaining bankruptcy counsel to represent them. "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risk does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket." Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (citing United States v. Pinkey, 548 F.2d 305 (10th Cir. 1977))(quotations omitted).

3) The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the debtors' Motion to Enter Into Loan Modification with Carrington Mortgage.

Dated this 8th day of September, 2021

*/s/ Kingston D. Bowen*, WSBA #46688 for
JASON WILSON-AGUILAR
Chapter 13 Trustee

OBJECTION TO DEBTORS' MOTION
TO ENTER INTO LOAN MODIFICATION
WITH CARRINGTON MORTGAGE - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 20-13157-CMA    Doc 134    Filed 09/08/21    Ent. 09/08/21 17:55:49    Pg. 2 of 2